IxBROWN, Judge,
dissenting.
I disagree with the conclusion that plaintiffs disc injury was not caused by the accident. No evidence was presented that supports the factual premises fashioned by the majority opinion.
The following facts are uncontroverted: Mrs. Maranto was in good health prior to the August 25, 1989, accident. Immediately after the accident, she suffered general aches and pains, including back pain. The pain progressively worsened and, by mid-September, was particularly bad in her lower back. By October 9, Mrs. Maranto was experiencing pain in her right leg and hip. By October 19, she had weakness and decreased sensation in her right foot. An MRI conducted by Dr. Goodman revealed degenerative disc disease at L-í, L-5, with moderate *172 scoliosis. Dr. Goodman performed a discec-tomy on October 22. No other particular incident occurred between the accident and the discectomy to cause Mrs. Maranto’s back problem.
Both orthopedic surgeons testified that it was more probable than not that plaintiffs disc injury was caused by the automobile accident. These opinions were in response to a factual premise posed by plaintiffs counsel. This hypothet was based on the above uncon-troverted facts. Defense counsel’s hypothetical assumed that plaintiff experienced no pain until approximately 6 weeks following the accident. Plaintiff, however, complained of general aches and pains when she first saw a physician on the Monday following the weekend accident. The physician, Dr. Hunt, testified that plaintiff did complain of pain. The majority opinion recognized that “[I]n mid-September [within two to three weeks of the accident], Mrs. Maranto’s home care nursing duties required her to make several trips to Haughton.... [A]fter each trip, she would place heat on her lower back and rest.”
|2Opinion evidence must be based on facts. Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App.2d Cir.1986). Defendant’s factual premise was contrary to the evidence. It was based solely on remarks made by plaintiff in a deposition and to Dr. Goodman. In light of all the evidence, plaintiffs explanation of these remarks was reasonable. In the deposition and to Dr. Goodman, she said her lower back pain started when driving to Haughton. This was in mid-September rather than mid-October.
Because plaintiff was in good health prior to the accident and suffered generalized pain in the accident which continued to worsen with no intervening incident and because the medical testimony found a reasonable causal connection between the accident and injury, plaintiff was entitled to the legal presumption that her disc problem was caused by the accident. Housley v. Cerise, 579 So.2d 973 (La.1991); Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977); Coley v. State of Louisiana, Through the Department of Transportation and Development, 621 So.2d 41 (La.App.2d Cir.1993); Durkee v. City of Shreveport, 587 So.2d 722 (La.App.2d Cir.1991), writ denied, 590 So.2d 68 (La.1991); Davis v. Galilee Baptist Church, supra.
Common sense represents sound practical thinking. Plaintiff was in good health before the accident and had a discectomy less than two months after the accident. Although plaintiff attempted to work there was no intervening incident. She complained of general pain on the day of the accident and within two to three weeks was applying heat to her lower back. Prior to the accident she drove without experiencing any medical problems. Thus, it is not reasonable to conclude that plaintiffs disc injury resulted from her driving to Haughton from Shreveport (approximately a 20-mile round trip). Plaintiff was clearly ^entitled to the presumption of causation and defendant presented no evidence of some other particular incident which could have caused the injury.
This decision also appears to be contrary to another case decided this term by a different panel. Whitaker v. Mullinax, 628 So.2d 222 (La.App. 2nd Cir.1993).
Before SEXTON, LINDSAY, HIGHTOWER, BROWN and WILLIAMS, JJ.